UNITED STATES OF AMERICA
IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>William Wallace Lear<br><br>Defendant | No. 1:02-CR-57-01<br>No. 1:03-CV-280<br><br>Hon. Gordon J. Quist<br>U.S. District Court Judge |

_____/

## MOTION TO QUASH SUPERVISED RELEASE REVOCATION HEARING AND TO BRING FORWARD MOTION TO VACATE JUDGMENT FOR LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION IN THE NATURE OF HABEAS CORPUS

The Movant Moves this court to **QUASH SUPERVISED RELEASE REVOCATION HEARING** and Order a review of the defendant's criminal prosecution in the nature of a **WRIT OF HABEAS CORPUS**.

William Wallace Lear (hereinafter known as Defendant) is not in violation of supervised release. Defendant has complied with the Courts orders.

The Movant additionally Moves this court, after review, to vacate and set aside the judgment imposed by the court; to restore full civil rights; and to have notice that the conviction has been vacated and set aside to be published in all legal and public publications that contain a record of this conviction, including the Grand Rapids Press and Muskegon Chronicle; Order the IRS and Department of Justice to cease and desist all actions, past, present, or future, against Movant; for the return of all fines, penalties, and restitution ordered by the court; and for such other relief as deemed equitable; for the good and sufficient cause that the Department of Justice and the IRS are without personal jurisdiction and subject matter jurisdiction to impose such complaints. If there was no crime committed there can be no violation of supervised release.

The essentials to any case or controversy, whether administrative or judicial, arising under the Constitution and laws of the United States (Article III § 2, U.S. Constitution, "arising under" clause), must be adhered to. See **Federal Maritime Commission v. South Carolina Ports Authority, 535 U. S. (2002)**

The following elements are essential:

1. When Challenged, <u>standing</u>, venue and all elements of subject matter jurisdiction, including compliance with substantive and procedural due process requirements, must be established in record.

2. Facts of the case must be established in record.

3. Unless stipulated by agreement, facts must be verified by competent witnesses via testimony (affidavit, deposition or direct oral examination).

4. The LAW of the case must affirmatively appear in record, which in the instance of a tax controversy necessarily includes taxing and liability statutes with attending regulations (see <u>United States of America v. Menk, 260 F. Supp. 784 at 787</u> and <u>United States of America v. Community TV, Inc., 327 F.2d 79 (10th Cir., 1964)</u>;

5. The advocate of a position must prove application of law to stipulated or otherwise provable facts.

6. The court, whether administrative or judicial, must render a written decision that includes findings of fact and conclusions of law.

In <u>Federal Maritime Commission v. South Carolina Ports Authority</u>, 535 U. S. (March 28, 2002) the court ruled:

> "There can be little doubt that the role of the modern federal hearing examiner or administrative law judge...is 'functionally comparable' to that of a judge. His powers are often, if not generally, comparable to those of a trial judge: He may issue subpoenas, rule on proffers of evidence, regulate the course of the hearing, and make or recommend decisions. More importantly, the process of agency adjudication is currently structured so as to assure that the hearing <u>**examiner exercise his independent judgment on the evidence before him, free from pressures by the parties or other officials within the agency.**</u>" Id., at 513 (citation omitted).

> "[F]ederal administrative law requires that agency adjudication contain many of the same safeguards as are available in the judicial process. The proceedings are adversary in nature. They are conducted before <u>a trier of fact insulated from political influence</u>. A party is entitled to present his case by oral or documentary evidence, and the transcript of testimony and exhibits together with the pleadings constitutes the exclusive record for decision. The parties are entitled to know the findings and conclusions on all of the issues of fact, law, or discretion presented on the record." Ibid. (citations omitted).

A case is commenced by the filing of a complaint. See 46 CFR § 502.61 (2001); Fed. Rule Civ. Proc.3. The defendant then must file an answer, generally within 20 days of the date of service of the complaint, see

§ 502.64(a); Rule 12(a)(1), and may also file a motion to dismiss, see § 502.227(b)(1); Rule 12(b). A defendant is also allowed to file counterclaims against the plaintiff. See § 502.64(d); Rule 13. If a defendant fails to respond to a complaint, default judgment may be entered on behalf of the plaintiff. See §502.64(b); Rule 55. Intervention is also allowed. See §502.72; Rule 24. Submitting requests for admissions, § 502207; Rule 36.

"The Federal rules of Civil procedure will be followed to the extent that they are consistent with sound administrative practice."[10] §502.12.

In USA TODAY, February 1, 2005, Today's debate: Judicial ethics, page 12 A:

**"The goal of judicial impartiality and the appearance of impartiality is best achieved by careful scrutiny by honest and conscientious judges applying ethical principles in a commonsense manner."** by Gordon J. Quist (*Gordon J. Quist is a U.S. district judge in Grand rapids, Mich., and chairman of the federal judiciary's committee on Codes of Conduct.*)

## THE COURT WILL TAKE JUDIIAL NOTICE THAT:

**"...Jurisdiction of the Courts of the United States means a law providing in terms of revenue; that is to say, a law which is directly traceable to the power granted to Congress by § 8, Article I, of the Constitution, ''to lay and collect taxes, duties, imposts, and excises.'''** US v. Hill, 123 US 681, 686 (1887).

**"Decision is void on the face of the judgment roll when from four corners of that roll, it may be determined that at least one of three elements of jurisdiction was absent: (1) jurisdiction over parties, (2) jurisdiction over subject matter, or (3) jurisdictional power to pronounce particular judgment that was rendered."** B & C Investments, Inc. v. F & M Nat. Bank & Trust, 903 Pl2d 339 (Okla. App. Div. 3, 1995).

**"Jurisdiction is essentially the authority conferred by Congress to decide a given type of case one way or the other. The Fair v. Kohler Die Co., <u>228 U.S. 22, 25</u> (1913). Here, 1343 (3) and 1983 unquestionably authorized federal courts to entertain suits to redress the deprivation, under color of state law, of constitutional rights. It is also plain that the complaint formally alleged such a deprivation."** <u>Hagen v. Lavine</u>, 415 US 528, 39 L.ed. 577, 94 S Ct, 1372 (N.Y. March 28, 1974).

**"Sec. 2255. Federal custody; remedies on motion attacking sentence.
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, <u>grant a prompt hearing thereon</u>, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or there has been such denial or infringement of the constitutional rights of the**

prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate."

"If this requirement...is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by the court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus." <u>Johnson v. Zerbst</u>, 304 US 458, 468 (1938)

"Void judgment is one which has no legal force or effect whatever, it is an absolute nullity, its invalidity may be asserted <u>by any person</u> whose rights are affected <u>at any time</u> and <u>at any place</u> and it need not be attacked directly but <u>may be attacked collaterally</u> <u>whenever and wherever</u> it is interposed." <u>Lufkin v. McVicker</u>, 510 S.W. 2d 141 (Tex. Civ. App. - Beaumont 1973). (See exhibit A - Constructive Notice of Demand For Direct Challenge to Personal Authority)

"The question of Jurisdiction in the court either over the person, the subject matter or the place where the crime was committed can be raised at any stage of a criminal proceedings; it is never presumed but must be proved; and it is <u>never waived by the defendant</u>." <u>United States v. Roger</u>, 23 F. 658 (W.D. Ard. 1885).

"A 'void' judgment, as we all know, grounds no rights, forms no defense to actions taken thereunder, and is vulnerable to any manner of collateral attack. No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen the old wound and once more probe its depths. And it is then as though trial and adjudication had never been." 10/13/58 <u>FRITTS v. KRUGH</u> SUPREME COURT OF MICHIGAN, 92 n.w.2D 604, 354 Mich. 97

"Void order which is one entered by court which lacks jurisdiction over parties or subject matter, or lacks inherent power to enter judgment, or order procured by FRAUD, can be attacked at any time, in any court, either directly or collaterally, provided that party is properly before the court". People ex rel. Brzica v. Village of Lake Barrington, 644 N.E.2d 66 (Ill. App 2 Dist. 1994).

"Judgments entered where court lacked either subject matter or personal jurisdiction, or that were otherwise entered in violation of due process of law, must be set aside.", Jaffe and Asher v. Van Brunt, S.D.N.Y. 1994 F.R.D. 278.

Defendant has only stood on his right to demand legal authority from the IRS as granted by Congress to compel Defendant to file a 1040 Individual Return. IRS is now in default to answer. (See exhibit A - Constructive Notice of Demand For Direct Challenge to Personal authority)

Defendant is not a lawyer. The case law presented in this document is derived from the public records and is correct to the best of Defendant's knowledge. Defendant has no intent to deceive or mislead any person. Defendant will make any corrections that may be necessary.

By order of the Court, under Judge Gordian J. Quist. Defendant was ordered to file 1040 Returns. The Court did not specify which 1040 Return that Defendant was to file. Is Defendant to guess which 1040 return to file or

does Defendant have the right to ask the IRS to clarify which 1040 return Defendant is to file and under which Statute and Regulation Defendant is required by Law to file?

Defendant is only trying to comply with the Law as it is written and the Acts of Congress as they are written. Defendant has filed a Motion to Vacate under § 2255 writ of habeas corpus, with Judge Gordon J. Quist on this matter on March 4, 2005.

Statute 28 USC 2243 declares an application for a write of habeas corpus will be ruled upon 'forthwith' and procedural Rule 4(a) for 2255 declares "The original motion shall be presented promptly to the judge..." and 4(b) continues "The motion...shall be examined promptly by the judge..."

The Administrative Procedures Act (An act of Congress) mandates that all regulation and FORMS that require a Citizen to comply with, MUST be published in the Federal Register. The only Form 1040 that Defendant has been able to find published in the Federal Register, under published rules and regulations § 6091, is Form 1040 Non Resident Alien.

Defendant respectfully request this court to look at the application for OMB Submission Forms that applies to the two 1040 forms that are in question. (See Exhibit B, OMB submission for 1040 NR and Exhibit C, OMB submission for 1040 Individual).

First is the Standard form 83, Request for OMB Review for 1040 Nonresident Alien Income Tax Return, dated September 7, 1994. (See Exhibit B) On the first page of this Request Form, Line 5 states: Legal authority for information collection or rule (cite United States Code, Public Law, or Executive Order), it sites: 26 USC 6011, **6012** and 874.

On page two of OMB Review for 1040 Nonresident Alien Income Tax Return, dated September 7, 1994 it states: Line 27. Regulatory authority for the information collection, 26 CFR 1.874-1, 1. 6011-1, **1.6012-1** and **1.6012-5**. Signed by Garrick R. Shear, IRS Reports Clearance Officer.

Form for 1040 Individual Income Tax Return for 1996 shows an entirely different form titled "Paperwork Reduction Act Submission. This form does not state a Legal authority under 26 USC or a Regulatory authority under 26 CFR. Instead, page two is nothing more than a Certification for Paperwork Reduction Act Submission,
> "on behalf of this Federal agency, to certify that the collection of information encompassed by this request complies with 5 CFR 1320.9 which states: AGENCY CERTIFICATIONS FOR **PROPOSED** COLLECTIONS OF INFORMATION, and the related provisions of 5 CFR 1320.8 (b)(3) Informs and provides reasonable notice to the **potential persons** to whom the collection of information is address of–."

The questions before this court are:

> "Does the Internal Revenue Agency have the authority to compel Defendant to file a piece of paper that has no force and effect of law?"

> "Will this court allow an innocent man to be imprisoned for a second time?"

"Decision is void on the face of the judgment roll when from four corners of that roll, it may be determined that at least one of three elements of jurisdiction was absent: (1) jurisdiction over parties, (2) jurisdiction over subject matter, or (3) jurisdictional power to pronounce particular judgment that was rendered." B & C Investments, Inc. v. F & M Nat. Bank & Trust, 903 Pl2d 339 (Okla. App. Div. 3, 1995).

"A 'void' judgment, as we all know, grounds no rights, forms no defense to actions taken thereunder, and is vulnerable to any manner of collateral attack. No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen the old wound and once more probe its depths. And it is then as though trial and adjudication had never been." 10/13/58 FRITTS v. KRUGH SUPREME COURT OF MICHIGAN, 92 n.w.2D 604, 354 Mich. 97

UNITED STATES v. TWO HUNDRED THOUSAND DOLLARS ($200,000) IN UNITED STATES CURRENCY, 590 F. SUPP. 866 (S.D. Fla. 1984)

"However, the regulations are incomplete in this case without the forms, because the regulations do not set forth the information a traveler will be required to furnish on the forms, specifically form 4790," Id. at 869.

The Court found that the form itself constituted an agency "rule" and not "law".

"Interpretative rules are 'statements as to what the administrative officer thinks and the statute or regulations means',...whereas substantive rules, such as Form 4790, are issued by an agency pursuant to statutory authority which have the force and effect of law...It is also apparent that Form 4790 is not a 'general statement of policy' as would be exempted from the publication requirement under 5 USC section 553(b). That Form 4790 is a 'legislative' rule rather than an interpretive one or a general statement of policy is apparent from the fact that the form was clearly intended to implement the pertinent statute...and the regulation...; section 551(4) of the APA (Administrative Procedure Act) distinguishes agency statements designed to implement a law from these designed to interpret it," Id., at 870, 871.

"Given the scope of the information which customs Form 4790 requires a traveler to furnish, as well as the Form's role as an implementing mechanism for the reporting regulations, Form 4790 is a substantive and implementing rule which falls within none of the acceptable exemptions under the APA and should have been published in the Federal Register," Id., at 871, 872.

This ruling is consistent with GONZALEZ v. FREEMAN, 334 f.2d. 570 (D.C. Cir. 1964)

'The command of the Administrative Procedure Act is not a mere formality. Those who are called upon by the government for countless variety of goods and services are entitled to have notice of the standards and procedures which regulate these relationships. Neither appellants nor others similarly situated can turn to any official source for guidance as to what acts will precipitate a complaint of

misconduct, how charges will be made, met or refuted, and what consequence will flow from misconduct if found." Id., at 578.

"Considerations of basic fairness require administrative regulations establishing standards for debarment and procedures which will include notice of specific charges, opportunity to present evidence and to cross-examine adverse witness, all culminating in administrative findings and conclusions based upon the record so made," Id., at 578.

"[W]e cannot agree that Congress intended to authorize such consequences without regulations establishing standards and procedures and without notice of charges, hearings, and findings pursuant hereto. Absent such procedural regulations and absent notice, hearings and findings in this case, the debarment is invalid," Id., at 579.

## BERENDS v. BUTZ, 357 F. Supp. 144 (D. Minn. 1973)

"In adopting the directive of December 27, 1972, defendants did not comply with even one of these mandatory requirements, despite the fact that the directive would have a substantial impact on those regulated, and hence is a 'rule' as contemplated in the statute," Id., at 154.

"Inherent in these provisions is the concept that the public is entitled to be informed as to the procedures and practices of a government agency, so as to be able to govern their actions accordingly. The termination of the emergency loan program was without any notice, and was in violation of the statute," Id., at 155.

## TRUAX v. CORRIGAN, 275 U.S. 312, 332 (1921)

"Thus the guarantee was intended to secure equality of protection not only for all but against all similarly situated. Indeed, protection is not protection unless it does so. <u>Immunity granted to a class however limited, having the effect to deprive another class however limited of a personal or property right, is just as clearly a denial of equal protection of the laws to the latter class</u> as if the immunity were in favor of, or the depravation of the right permitted worked against, a larger class."

"It, of course, tends to secure equality of law in the sense that it makes a required minimum of protection for everyone's right to life, liberty, and property, which the Congress or the Legislature may not withhold. Our whole system of law is predicated on the general fundamental principle of equality of application of the law. 'All men are equal before the law,' This is a government of laws and not of men,' 'No man/woman is above the law,' are all maxims showing the spirit in which Legislature, executives and Courts are expected to make, execute and apply laws."

_____ Pro Per
William Wallace Lear   Pro Per
All Rights Reserved "without prejudice"
1264 Montgomery
Muskegon, Michigan 49441
PH: 231-755-6293